IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE DE-JESUS-DIAZ,<br><br>    **Appellant,**<br><br>        **v.**<br><br>WILFREDO SEGARRA-MIRANDA,<br><br>    **Appellee.** | **CIVIL NO.** 12-1724 (JAG) |

### OPINION & ORDER

GARCIA-GREGORY, D.J.

Before the Court stands Appellant Jorge De Jesus Diaz's ("Appellant" or "De-Jesus") appeal from the Bankruptcy Court's order denying his application for compensation under 11 U.S.C. § 330 for services rendered as special counsel for the Chapter 7 trustee (the "Trustee"). For the reasons set forth, the Court **affirms** the Bankruptcy Court's decision.

### FACTUAL AND PROCEDURAL BACKGROUND

This bankruptcy case was commenced by debtors, Victor Lopez-Mendez and Maria del C. Portela-Romas ("Debtors") on July 5, 2005. Prior to filing their petition, Debtors retained De-Jesus to represent them and their sons in a personal injury action against the Commonwealth of Puerto Rico in the Superior Court of Puerto Rico (the "personal injury action"). The bankruptcy case was filed under chapter 13 while the personal

Civil No. 12-1724 (JAG)                                            2

injury action was pending, and was later converted to a chapter 7 proceeding. The appointed chapter 7 Trustee contacted De-Jesus to retain him as special counsel to represent the bankruptcy estate in the personal injury action. De-Jesus informed the Trustee that he was not a member of the federal bar, but nonetheless agreed and signed the Verified Application Under Penalty of Perjury, required for the Trustee to employ De-Jesus.[1]

After the De-Jesus obtained a favorable judgment in the personal injury action and it was affirmed by the Appellate Court, the Commonwealth deposited $142,269.86 in the Court of First Instance. De-Jesus, without knowledge of the Trustee, withdrew the deposited funds, cashed and endorsed them, and turned them over to the debtors. The Trustee then filed a motion requesting that De-Jesus be required to reimburse the estate and show cause as to why he should not be sanctioned for his misappropriation of estate property. The Trustee also hired attorney Eldia M. Diaz-Olmo ("Diaz-Olmo") as representation in order to recover the moneys of the estate from De-Jesus. Subsequently, the Trustee entered into a Settlement Agreement with De-Jesus through which De-Jesus agreed to pay the Trustee $67,287.69 in exchange for mutual releases. The agreement further stated that while the Trustee would not oppose De-

---

[1] De-Jesus states that the Verification that the Trustee sent to him included a statement that he was admitted to practice in federal Court. That not being the case, De-Jesus typed an Amended Declaration which excluded such statement and then forwarded it to the Trustee. (See Docket No. 6, p. 10)

Jesus's future application for compensation under 11 U.S.C. § 330, the office of the United States Trustee would not be precluded from doing so.

De-Jesus eventually filed an application for special compensation for his services as special counsel. Section 328(c) of the Bankruptcy Code states that

> The court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under 327 . . . if, at any time during such professional person's employment . . . such professional person is not a disinterested person or represent or hold an interest adverse to the interest of the estate with respect to the matter on which such professional expert is employed.

11 U.S.C § 328(c). After review, the Bankruptcy Court denied De-Jesus's application, finding that, by withdrawing the funds and giving it directly to the Debtors, he had, *inter alia*, breached his fiduciary duty to the bankruptcy estate, placed himself in direct conflict with the estate, and acquired a material adverse interest against the estate. De-Jesus now appeals that order.

**STANDARD OF REVIEW**

On appeal, the court can "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. In doing so, the Court will apply a "clearly erroneous" standard

Civil No. 12-1724 (JAG)                                         4

to the lower court's factual findings, and a plenary one regarding its legal conclusions. <u>Palmacci v. Umpiérrez</u>, 121 F.3d 781, 785 (1st Cir. 1997).

"Absent either a mistake of law or an abuse of discretion, the bankruptcy court ruling must stand." <u>Picciotto v. Salem Suede, Inc. (In re Salem Suede, Inc.)</u>, 268 F.3d 42, 44 (1st Cir. 2001). An abuse of discretion can occur when the Bankruptcy Court ignores "a material factor that deserves significant weight, [relies] on an improper factor, or, even if it [considers] only the proper mix of factors, by making a serious mistake in judgment." <u>Id.</u>

## ANALYSIS

De-Jesus's primary argument is that the Bankruptcy Court judge abused its discretion and clearly erred by allowing De-Jesus to work as special counsel for the Trustee, in violation of Local Rule 83K(b), since it was clear he lacked knowledge of bankruptcy law and was not admitted to the federal bar.[2] (Docket No. 6, p. 14). Such a material factor, according to Appellant, should have been considered by the Bankruptcy Court when ruling on the application for compensation.[3] The Court is not persuaded.

---

[2] Local Rule 83K(b), governing the rules of practice and procedure in the Bankruptcy Court, states that the Bankruptcy Judges shall require district court admission, except for pro-se appearances or appearances pursuant to the student practice rule.
[3] Peculiarly, while Appellant alleges that the Bankruptcy Court erred by admitting him as special counsel for the Trustee (since he was unqualified),

Civil No. 12-1724 (JAG)                                                5

As the Trustee correctly points out, De-Jesus was employed solely to represent the estate in the personal injury action in the Puerto Rico courts, which did not require him to appear before or file pleadings in the bankruptcy court. (Docket No. 10, pp. 27-28). Thus, membership in the federal bar was not a requisite for De-Jesus's employment as special counsel.

Appellant further attacks the Bankruptcy Court's decision to accept him as special counsel since he lacked knowledge in bankruptcy law. In other words, Appellant, who actually signed an affidavit to the effects that it would represent *the Trustee* in the local courts, blames the Bankruptcy Court for accepting him as special counsel, now arguing he was not qualified or competent. (Docket no. 6, p. 17) His argument is unacceptable. As Appellee argues, an attorney is prohibited from accepting legal representation which he lacks knowledge to carry out capably. See Canon of Professional Ethics 18, P.R. Laws Ann. tit. 4, App. IX (1978)[4]; see also Model Rules of Prof'l Conduct R. 1.1 (1983).[5] In other words, it is counsel's responsibility, not the court's, to ensure he can provide competent

_____

it was actually the only way he could have filed an application for compensation in the first place.

[4] The Bankruptcy Court, in its decision, relied in part on the Puerto Rico Canons of Professional Ethics. We note, and Appellant makes a similar argument, that Local Rule 83E does not specifically incorporate the Puerto Rico Canons. Nonetheless, because De-Jesus was not practicing in Federal Court, rather representing the estate in the local Court, the Court understands De-Jesus's conduct was regulated by the Puerto Rico Canons.

[5] Rule 1.1 states that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

Civil No. 12-1724 (JAG)                                              6

representation to his client — in this case, the Trustee. Id.

Appellant highlights how the cases cited by the Bankruptcy Court

and Appellee involve more severe ethical violations than his in

this case; but in doing so he misses the point: Appellant has no

one to blame but himself. As such, his argument fails.

Appellant also avers that the Trustee and the Assistant

U.S. trustee (who objected to his application for compensation)

were in estoppel for objecting to his fee application. De-Jesus

contends that the Trustee and the Assistant US attorney, not De-

Jesus, are to blame for the "consequences of the ill-fated

appointment" as special counsel. (Docket No. 6, p. 11). The

Court does not agree. First, De-Jesus cites no legal authority

supporting his estoppel argument. Second, the Court has already

found that no one, but counsel himself, is to blame for this

fiasco. The assistant US attorney acted within its discretion

when it opposed De-Jesus's application, and for reasons that the

Bankruptcy Court found weighty. The Court thus rejects this

argument.

De-Jesus's last argument is that the Bankruptcy Court

abused its discretion by not approaching his fee application in

"a holistic and equitable manner." (Docket No. 6, No. 17). He

contends that the Bankruptcy Court was not compelled to deny his

application, and failed to consider the exceptional

circumstances of this. (See Id.) Once again, his argument fails.

The Bankruptcy Court acted within its discretion and its analysis was proper for the type of application filed by Appellant. De-Jesus, as he himself stated in his Verified Declaration, was hired to work for the estate, and yet he deprived *his client* of a Judgment worth $142,269.86 by turning it over to a third-party, the Debtors.[6] After review, the Bankruptcy Court ruled that De-Jesus had gained an "interest adverse to the interest of the estate", and therefore, denied his application, as allowed by the Bankruptcy Code.

De-Jesus emphasizes that there was no "scienter" or intent in his actions, but fails to cite a single case supporting his contention that "scienter" is required for courts to find that an attorney has violated his ethical obligations. (Docket No. 6, p. 20). Nevertheless, the Court agrees with the Bankruptcy Court's reasoning: lack of knowledge, or intent, cannot excuse De-Jesus. See In re Alonso, Jr., 15 P.R. Offic. Trans 997 (1984)(holding that ignorance of the laws cannot be a shield or justification for his nonobservance of the same and the test is not dependent upon the presence of connivance or overreaching). De-Jesus may have easily ascertained the appropriate procedure regarding the deposited funds through his client. But because of his actions, the Bankruptcy Court found that he entered in direct conflict with this client; which De-Jesus himself does

---

[6] Because of this, Appellant entered into an agreement with the Trustee to reimburse the estate for $67,287.69.

Civil No. 12-1724 (JAG)                                                                 8

not refute. Rather, De-Jesus focuses on who was to blame for his actions, an argument which the Court has already rejected. As previously stated, Section 328(c) grants *discretion* to the Court when considering a professional person's application for compensation. After review, the Court does not find that the Bankruptcy Court abused its discretion, or made an inequitable decision, in denying the application for compensation.


                                **CONCLUSION**

      In light of the foregoing, the Court hereby **affirms** the Bankruptcy Court's decision denying De-Jesus's application for compensation. Judgment shall follow accordingly.


**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of July, 2013.


                                    S/ Jay A. Garcia-Gregory
                                    JAY A. GARCIA-GREGORY
                                    United States District Judge